**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose Calvin, et al., | No. CV-20-08117-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Office of Navajo and Hopi Indian Relocation, | |
| Defendant. | |

In this action, Plaintiffs seek review of the Office of Navajo and Hopi Indian Relocation's ("ONHIR") denial of their applications for relocation benefits under the Navajo-Hopi Land Settlement Act. On October 25, 2021, the Court granted ONHIR's cross-motion for summary judgment and entered judgment in ONHIR's favor. (Docs. 19, 20.) Afterward, Plaintiffs filed a timely motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 21.) For the following reasons, the motion is granted.

## RELEVANT BACKGROUND

On August 30, 2010, Plaintiffs applied to ONHIR for relocation benefits under the Settlement Act. (Doc. 10 at 10-14, 55-59, 116-120, 150-54.)

On July 26, 2012, Plaintiffs' applications were denied. (*Id.* at 25-26, 79-80, 131-32, 173-74.)

In September 2012, Plaintiffs filed notices of appeal. (*Id.* at 29, 83, 135, 178.)

On December 20, 2013, Plaintiffs' cases were consolidated with those of three other relatives ("the *Stago* plaintiffs") and a hearing was held before an Independent Hearing

Officer ("IHO"). (Doc. 14-1 ¶ 63.)

On March 21, 2014, the IHO issued a decision upholding ONHIR's denial of benefits as to all four Plaintiffs and as to all three *Stago* plaintiffs. (Doc. 10-1 at 342-58.)

On May 20, 2020, Plaintiffs sought review in this Court of ONHIR's denial of benefits. (Doc. 1.)

On March 30, 2021, Plaintiffs moved for summary judgment. (Doc. 14.)

On April 26, 2021, ONHIR filed a combined response and cross-motion for summary judgment. (Doc. 15.)

On June 10, 2021, the motions became fully briefed. (Docs. 17, 18.)

On October 25, 2021, the Court granted ONHIR's cross-motion for summary judgment and affirmed the IHO's decision. (Doc. 19.) Based on that decision, judgment was entered in ONHIR's favor. (Doc. 20.)

That same day, another judge of this Court issued a summary judgment order in *Stago v. Ofc. of Navajo and Hopi Indian Relocation*, 2021 WL 4950349 (D. Ariz. 2021). In that action, the *Stago* plaintiffs sought judicial review of the same administrative decision at issue in this action. There, the Court granted the plaintiffs' motion for summary judgment and remanded the matter to ONHIR for further proceedings.[1] *Id.* at *6.

On November 22, 2021, Plaintiffs filed the Rule 59(e) motion now pending before the Court. (Doc. 21.) As discussed in more detail below, Plaintiffs argue that the Court committed clear error by not adequately addressing the issue found to require reversal in *Stago*—namely, ONHIR's stipulation at the outset of the IHO proceeding that "Mr. Harris Chezumpena had a legal residence on the Hopi Partitioned Lands as of December 22, 1974." (*Id.* at 2, citing CAR 424-25.)

On December 6, 2021, ONHIR filed a response. (Doc. 23.)

On December 13, 2021, Plaintiffs filed a reply. (Doc. 24.)

. . .

---

[1] It is unclear from the record why the four Plaintiffs in this case were separated from the three plaintiffs in *Stago* in bringing their petitions for judicial review.

## LEGAL STANDARD

Plaintiffs seek relief under Rule 59(e) of the Federal Rules of Civil Procedure, which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." As the Ninth Circuit has explained, "[s]ince specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. But amending a judgment after its entry remains an extraordinary remedy which should be used sparingly. In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citations and internal quotation marks omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

## ANALYSIS

In the order resolving the parties' cross-motions for summary judgment, the Court construed Plaintiffs' motion as seeking reversal of ONHIR's decision on three grounds: "(1) the IHO failed to provide specific and cogent reasons for his adverse credibility determinations pertaining to Plaintiffs; (2) the IHO was precluded from making factual findings that contradicted his and ONHIR's factual findings in previous cases; and (3) the IHO's ultimate decision was arbitrary and capricious, and not based on substantial evidence, because he unreasonably dismissed testimony presented at the administrative hearing and arrived at speculative conclusions." (Doc. 19 at 3.) With respect to the second assignment of error—the alleged preclusive effort of prior decisions in which Plaintiffs' "uncle Harris Chezumpena and his daughters were found . . . to have occupied the HPL homesite through 1976"—the Court concluded that Plaintiffs were not entitled to relief

because "[e]ven assuming, without deciding, that Plaintiffs could potentially invoke offensive collateral estoppel in this context, that doctrine extends only to situations in which the controlling facts and applicable legal rules remain unchanged" and "[h]ere, the IHO determined that the evidence presented was inconsistent with a finding that the claimed homesite was occupied by Plaintiffs through December 22, 1974, rendering previous determinations to the contrary incorrect. Given the presence of new evidence, it was permissible for the IHO to reach a different conclusion." (*Id.* at 6-7.)

In their Rule 59(e) motion, Plaintiffs argue that Court misinterpreted their second assignment of error as being based solely on past decisions in *other* cases in which their uncle Harris Chezumpena and his daughters were found to have occupied the HPL homesite through 1976, overlooking that the challenge was also based on the fact that ONHIR stipulated to Harris Chezumpena's residency on the HPL as of December 22, 1974 at the outset of *their* case. (Doc. 21 at 3 ["In their Motion for Summary Judgment Plaintiffs referenced ONHIR's stipulation several times. The stipulation was incorporated into Plaintiffs' argument regarding factual findings in prior ONHIR decisions."]; *id.* at 4 ["This Court, in its October 23 Order, did not address the effect of the parties' stipulation that was raised by Plaintiffs."].) On the merits, Plaintiffs argue that the stipulation regarding Harris Chezumpena's HPL residency was inconsistent with the IHO's ultimate finding in this case and that, in *Stago*, the court ordered reversal based on the IHO's failure to properly address the stipulation. (*Id.* at 3-4.)

In response, ONHIR acknowledges that "the IHO's conclusions may have been inconsistent with the stipulation" and that "it is not clear whether the IHO ignored the stipulation, as Judge Logan concluded." (Doc. 23 at 5-6, capitalization omitted.) Nevertheless, ONHIR argues that Plaintiffs' Rule 59(e) motion should be denied because "[r]egardless of the IHO's acceptance of the Stipulation, adequate evidence exists in the record to establish that Plaintiffs were not residents of the HPL as of December 22, 1974." (*Id.* at 6-7.) ONHIR notes that "[t]he IHO never expressly held that Harris Chezumpena had *no* HPL residence as of December 22, 1974; rather, he simply determined that the

specific site claimed by Plaintiffs could not have been *that* residence." (*Id.* at 6, second emphasis added.)

In reply, Plaintiffs acknowledge that "the burden is on each applicant for relocation benefits to prove their individual residence on the HPL as of December 22, 1974" and that a stipulation as to Harris Chezumpena's legal residency on the HPL as of December 22, 1974 does not necessarily mean that Plaintiffs were also legal residents on that date. (Doc. 24 at 4.) Nevertheless, Plaintiffs assert that reversal is warranted because "the IHO's rejection of Plaintiffs' claims was entirely premised on the non-existence of the family's homesite as of that date." (*Id.* at 4-5.) Plaintiffs conclude that, because the IHO did not properly address their individual circumstances—that is, whether they were "temporarily away" from the occupied homesite—the benefit eligibility determination was not supported by substantial evidence and this Court should remand for further proceedings. (*Id.* at 5-7.)

Although "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly," *Herron*, 634 F.3d at 1111, the Court concludes that such extraordinary relief is warranted here. As an initial matter, Plaintiffs are not attempting to reargue an issue that the Court already considered and rejected on the merits—an approach that Rule 59(e) forbids. Although Plaintiffs' summary judgment briefing was not a model of clarity, as evidenced by the fact that both the Court and ONHIR interpreted Plaintiffs' second assignment of error as being based solely on the alleged preclusive effect of prior decisions involving non-parties (as opposed to the effect of a stipulation regarding non-parties entered as part of this case), upon further review the Court acknowledges that Plaintiffs' briefing did just enough to identify the stipulation as providing an independent ground for reversal. (Doc. 14 at 8, 10, 17.) It was error not to address the effect of the stipulation in the original summary judgment order, and Rule 59(e) exists to correct this sort of oversight.

On the merits, the Court agrees with *Stago*'s conclusion that reversal is warranted in light of the IHO's failure to properly address the effect of the stipulation. On this point,

the *Stago* court reasoned as follows:

> The IHO's decision is explicitly contrary to the parties' narrow stipulation regarding Harris Chezumpena's residency. The IHO found that "[o]n December 22, 1974, none of the applicants was a legal resident of any area partitioned for the use of the Hopi Indians, as, prior to the date of passage of the Act, Harris Chezumpena . . . had abandoned [his] residence and cornfield in the [HPL] area." He went on to explain that "the concession by ONHIR that Harris Chezumpena used the HPL area as late as 1976 is inconsistent with and contrary to the evidence shown in these appeals." But the IHO's decision misunderstands the effect of a stipulation of fact at an administrative hearing. In *United States v. Smith*, the Ninth Circuit held that a stipulation "is, in truth, a substitute for evidence, in that it does away with the need for evidence." 86 F.3d 1165, 1996 WL 267325, *3 (9th Cir. 1996) . . . . [Here,] [a]fter he accepted the stipulation at the hearing, the IHO could no longer disregard it.

2021 WL 4950349, at *4-5 (internal citations omitted). Accordingly, the *Stago* court concluded that "the IHO arbitrarily disregarded the parties' stipulation as to Harris Chezumpena's residency," that "to the extent the IHO's decision relied on findings contrary to the stipulation, it is not supported by substantial evidence," and that a remand for further proceedings was necessary so the IHO could "properly consider the stipulation along with the other evidence." *Id.* at *4-6.

The Court finds this analysis persuasive. As noted in the November 23, 2021 order requesting additional briefing on the motion to amend, "at least some of the IHO's proffered reasons for rejecting Plaintiffs' claims of residency . . . were premised on the belief that the entire Chezumpena family, including Harris Chezumpena, had abandoned any residence on the HPL before December 22, 1974." (Doc. 22 at 2.) Although some evidence in the record indicates that Plaintiffs were not residents of the HPL as of December 22, 1974, it is unclear whether a conclusive determination that the homesite had *not* been abandoned by Harris Chezumpena before that date would have altered the IHO's conclusion. This lack of clarity means the IHO's decision cannot be affirmed on the current record. For related reasons, the Court is unpersuaded by ONHIR's argument that "the IHO could have determined that the *specific site* claimed by Plaintiffs was abandoned by the entire family prior to December 22, 1974, but still have left the Stipulation intact by leaving

- 6 -

open the possibility that Harris Chezumpena's separate residence was physically located at another site on the HPL." (Doc. 23 at 5-6.) Even if the IHO "could have" distinguished the stipulation on this basis, the IHO did not actually do so, and "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The Court will therefore remand to the IHO to properly consider the stipulation, along with all other evidence, in determining Plaintiffs' legal residency.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to amend (Doc. 21) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment (Doc. 14) is **granted** and ONHIR's cross-motion for summary judgment (Doc. 15) is **denied**. The matter is **remanded** for further proceedings consistent with this Order. The judgment issued on October 25, 2021 (Doc. 20) is **vacated**. The Clerk is directed to enter a new judgment consistent with this order.

Dated this 29th day of December, 2021.

Dominic W. Lanza
United States District Judge